**UNITED STATES of America,**
**Appellee,**

v.

**Jose HILANO, also known as**
**Jose Hiciano, Defendant–**
**Appellant.**

**No. 07–4297–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 12, 2008.

Marshall A. Camp, Assistant United States Attorney, Southern District of New York, for Michael J. Garcia, United States Attorney, Southern District of New York (Diane Gujarati, Assistant United States Attorney, on the brief), New York, N.Y., for Appellee.

Michael K. Bachrach (Law Office of Michael K. Bachrach), New York, N.Y., for Appellant.

PRESENT: Hon. WALKER, Hon. B.D. PARKER, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Appellant Jose Hilano, also known as Jose Hiciano ("Hiciano") appeals from a judgment of conviction entered on October 2, 2007 in the United States District Court for the Southern District of New York (Patterson, *J.*), following a jury verdict convicting him of one count of possessing a firearm after previously having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). The District Court sentenced him to 37 months' imprisonment and three years of supervised release. We assume the parties' familiarity with the facts, procedural history, and the issues presented on appeal.

■ Hiciano first claims that the District Court erred in admitting evidence of the $2,700 in cash found on his person at the time of his arrest. We find that the District Court was within its discretion in admitting the evidence of the cash for the limited purpose of showing Hiciano's motive. *See United States v. Khalil,* 214 F.3d 111, 122 (2d Cir.2000); *United States v. Salameh,* 152 F.3d 88, 110 (2d Cir.1998) ("A district court is obviously in the best position to do the balancing mandated by Rule 403."). Although Hiciano correctly notes that the government was not required to prove motive as an element of

the felon-in-possession charge, the record reflects that the District Court carefully weighed the prejudicial impact of the evidence against its probative value as proof that Hiciano knowingly possessed the firearm in light of the large amount of cash that he carried. Even assuming *arguendo* that the District Court erred in admitting this evidence, we would deem the error harmless. The two officers' eyewitness testimony regarding Hiciano's possession of the firearm at the time of his arrest provided the jury with overwhelming evidence on which to convict Hiciano of the crime charged.

■ Hiciano next contends that his retrial after the mistrial violated his rights under the Double Jeopardy Clause of the Fifth Amendment, and thus that his conviction and sentence should be vacated and a subsequent retrial barred. We find no merit in Hiciano's contention that his retrial violated the Double Jeopardy Clause. Double jeopardy does not apply here because Hiciano moved for a mistrial, and he has not established that the government intentionally provoked him into making this request. *See United States v. Millan,* 4 F.3d 1038, 1044 (2d Cir.1993). The District Court was within its discretion in finding that the government committed no intentional misconduct in Hiciano's first trial.

Finally, Hiciano claims that his sentence is both procedurally and substantively unreasonable. We review the District Court's sentence for reasonableness. *See United States v. Booker,* 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Fernandez,* 443 F.3d 19, 25–26 (2d Cir.2006). Hiciano first contends that the District Court committed procedural error in sentencing him because it misunderstood its authority to depart downward on two independent grounds: (1) the fact that he likely would

be detained for some time by Immigration officials prior to deportation, and (2) unusual family circumstances. The record makes clear that the District Court understood its power to depart on both grounds but declined to do so.

■ We further find that Hiciano's sentence is substantively reasonable under *Booker*. Applying, as we may, a "presumption of reasonableness" to this within-Guidelines sentence, we hold that Hiciano's sentence, at the lowest end of the applicable Guidelines range, is substantively reasonable. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

The judgment of the District Court is AFFIRMED.